UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYOMY MENDOZA DENEPITA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:13-cv-00846 - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 21) |

      Steven Rosales, attorney for Plaintiff Nayomy Mendoza DeNepita, seeks an award for attorney's fees and expenses pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 21.) Defendant Carolyn Colvin, Acting Commissioner of Social Security ("Defendant"), opposes the motion. (Doc. 22.)   Because the ALJ's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the Commissioner fails to show the decision, or the defense thereof, was substantially justified.  Accordingly, Plaintiff's motion for attorney fees under the EAJA is **GRANTED**.

**I.      Relevant Procedural History**

      Plaintiff initiated the action before this Court on June 3, 2013, seeking judicial review of the decision denying her application for benefits under the Social Security Act.  (Doc. 1.)  The Court found the administrative law judge erred in evaluating the medical evidence and rejecting the opinions of

1

Plaintiff's treating and examining physicians. (Doc. 19 at 9-11.) Therefore, the Court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id*. at 12.) Following the entry of judgment, Plaintiff filed the application for fees under the Equal Access to Justice Act now pending before the Court on August 5, 20, 2014, seeking an award of fees for 22 hours of work, amounting to $3,992.95. (Doc. 21.) Defendant filed an opposition to the motion on June 30, 2013 (Doc. 22).

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proving that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant 42 U.S.C. § 405(g). (Doc. 19.) Defendant does not dispute that Plaintiff is a prevailing party, but argues the position of the Commissioner was substantially justified and the fees requested are excessive. (Doc. 22.)

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, Defendant must demonstrate "the action or failure to act by the agency" was substantially justified. *Id.* Second, Defendant must establish the position taken in the civil action was substantially justified. *Id.* The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own Regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Defendant argues that "the government's position was substantially justified because the ALJ had a reasonable basis in law and fact for the unfavorable decision, as did the Commissioner for defending it." (Doc. 22 at 3.) Defendant notes that in *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010), the Ninth Circuit determined the defendant's position was substantially justified, and declined to award EAJA fees despite the ALJ's faulty analysis:

> In *Hardisty*, while the Court determined that the ALJ's credibility finding had not met a clear and convincing standard, such procedural and fundamental errors did not justify

EAJA fees, even though substantial evidence did not support the ALJ's decision, because the government had a reasonable basis in law and fact for defending the ALJ's credibility factors. *Hardisty*, 592 F.3d at 1080.

(*Id.*)  In addition, Defendant notes that in *Hardisty*, "the ALJ improperly relied on false or incorrect evidence as a basis for the credibility finding." (*Id.*)  However, the Court determined that "because 'the government pointed to the three pieces of evidence noted to support the ALJ's adverse credibility finding,' the government's action was substantially justified." (*Id.*, quoting *Hardisty*, 592 F.3d at 1080.)  Defendant argues that "[a] similar analysis applies to this case and the Court should find the perceived error does not provide a basis for awarding EAJA fees," because the Court found the ALJ's reasons "were consistent with Ninth Circuit case law," yet determined "the ALJ should have provided a more specific analysis."  (*Id.* at 3-4.)

Plaintiff's case was remanded for the ALJ's failure to evaluate the medical evidence and assess the opinions of Drs. Hernandez and Damania. (Doc. 19 at 9-11.)  Rather, the ALJ adopted the opinion of a non-treating physician, without setting for specific and legitimate reasons in the record for rejecting the opinions of Drs. Hernandez. (*Id.*)  Though the ALJ indicated the opinions of Drs. Hernandez and Damania were not supported by "the objective evidence of record," the Court determined that "the ALJ failed to identify and discuss the specific evidence that conflicted with the physicians' opinions that Plaintiff was limited to standing and walking for four hours or less." (*Id.* at 10-11.)  Because the ALJ failed to set forth "a detailed and thorough summary of the facts and conflicting clinical evidence," her evaluation of the medical evidence was contrary to the standards established by the Regulations and the Ninth Circuit. *See Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir. 1986) (when an ALJ believes a treating physician's opinion is unsupported by the objective medical evidence, the ALJ must "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required.").  Given the inadequacy of the ALJ's decision, Defendant has not shown the action by the agency was substantially justified. *See* 28 U.S.C.

§ 2412(d)(2)(D). Further, Defendant's defense of the ALJ's clearly inadequate decision was not substantially justified. *Sampson*, 103 F.3d at 921.

Because the Commissioner's position was not substantially justified, Plaintiff is entitled to an award of attorney's fees under the EAJA. Plaintiff seeks an award of $3,992.95, which includes "18.6 hours of attorney time at up to $189.78 per hour, and 3.4 hours of paralegal time at $137.00 per hour." (Doc. 21 at 15; *see also* Doc. 21-1.) Defendant does not dispute that the time expended by counsel or his paralegals was unreasonable. Notably, although the EAJA does not set a maximum rate of compensation for non-attorneys such as paralegals, the EAJA permits compensation for paralegals that are in line with rates "in the community for similar services by paralegals of reasonably comparable skill, experience and reputation." *Nadarajah v. Holder*, 569 F. 3d 906, 918 (9th Cir. 2009) (citation omitted); *Richlin Sec. Serv. v. Chertoff*, 553 U.S. 571, 578, 588-89 (2008) (paralegal fees may be awarded at prevailing market rates under the EAJA).

Courts in the Eastern District of California have determined recently that the prevailing hourly paralegal rate is $75 per hour. *See, e.g., Deocampo v. Potts*, 2014 WL 788429, at *9 (E.D. Cal. Feb. 25, 2014) (finding $75 to be reasonable hourly rate for paralegals); *Joe Hand Promotions, Inc. v. Albright*, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 12, 2013) (same); *Moreau v. Daily Independent*, 2013 WL 796621 at *3 (E.D. Cal. Mar. 1, 2013) (finding "$75 [is] reasonable for litigation performed in this district"). Because Plaintiff has provided no information regarding the experience, skills, or reputations of the paralegals who worked on this matter, the Court will reduce the fee award for time expended by the paralegals to $75 per hour, which is in line with the market rate in the Eastern District of California.

**IV.    Conclusion and Order**

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it to this Court were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). With the reduction set forth above for work expended by

paralegals, counsel is entitled to compensation in the amount of $**3,872.15**.[1]  Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this amount is payable Plaintiff.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for attorney's fees is **GRANTED** in the modified amount of $3,872.15; and

2. This amount SHALL be paid to Plaintiff Nayomy DeNepita.

IT IS SO ORDERED.

Dated:   **October 14, 2014**            /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] This amount represents the statutory maximum rate with adjustments for the increases in costs of living for hours completed in 2013 ($187.02), and 2014 ($189.78).  *See "Statutory Maximum Rates Under the Equal Access to Justice Act,"* available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited October 10, 2014).